# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DONALD E. VOGUS,** | CASE NO. 5:15CR173 |
| | 5:17CV2354 |
| **Petitioner,** | JUDGE JOHN R. ADAMS |
| v. | |
| **UNITED STATES OF AMERICA,** | ORDER AND JUDGMENT ENTRY |
| **Respondent.** | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 20. The petition is DENIED.

Vogus acknowledges in his petition and reply that his petition was not filed within the one-year statute of limitations. However, Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

1

Vogus has failed to make either the diligent or extraordinary circumstance showing, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (holding petitioner bears the burden of showing he is entitled to equitable tolling), and the record indicates he is unable to make either showing. Vogus relies upon the fact that he requested that his trial counsel file a direct appeal on his behalf and that counsel did not file such an appeal, such a claim—even if proven true in spite of counsel's affidavit to the contrary—would not support equitable tolling. *See Brown v. United States*, 20 Fed.Appx. 373 (6th Cir. 2001).

In *Brown*, the petitioner alleged that the one-year statute of limitation for filing a § 2255 motion should be equitably tolled because "(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was 'in transit' to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls." *Id*. at 373. The district court denied the § 2255 motion as untimely and the Sixth Circuit affirmed. The Sixth Circuit specifically found that "to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal." *Id*. (citation omitted). *See also Moore v. United States*, 438 Fed.Appx. 445, 450 (6th Cir. 2011) (petitioner was not entitled to equitable tolling where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file" an appeal); *Elliott v. Dewitt*, 10 Fed.Appx. 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"); *Mendenhall v. United States*, No. 3:05-CR-053, 2012 WL 441196, at *2-3 (E.D. Tenn. Feb. 10, 2012) (petitioner asserted that he instructed his attorney to file a notice of appeal and did not learn, until approximately ten months later, that no appeal had been filed and the court declined to equitably toll the statute of limitations

reasoning that the petitioner had failed to exercise diligence in light of the fact that either he or someone acting on his behalf could easily have contacted the clerk's office to determine whether the notice of appeal had been filed).

Vogus' judgment was entered on November 24, 2015. Accordingly, his time to file a § 2255 expired on December 8, 2016. Vogus did not place his petition in the prison mail system until November 2, 2017. Vogus' alleged diligence consists of a single telephone call that he allegedly made to his counsel within his original 14-day period to allow for direct appeal (likely in early December of 2015). Vogus then took no action until August of 2017, some 20 months later, when he contacted the clerk of court.

The record is clear that nothing impeded Vogus from contacting the clerk of court sooner. Moreover, other than Vogus' alleged single call to his counsel, there is nothing to suggest that Vogus even attempted to follow up with who he believed to still be his counsel. Consistent with the Sixth Circuit's ruling in *Brown*, it is clear that Vogus cannot establish a basis for equitable tolling. His petition, therefore, is untimely.

For the foregoing reasons, Petitioner Donald Vogus' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: March 21, 2019   /**s/** *John R. Adams*
   **JOHN R. ADAMS**
   **UNITED STATES DISTRICT JUDGE**